UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAURIE A. STEPHENS,

        Plaintiff,

  v.                                     Case No. 19-cv-937-pp

ANDREW M. SAUL,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states that she is neither employed nor married, dkt. no. 3 at 1, that she has a daughter who is 19 years old for whom she had been receiving child support payments of $463 to $600 per month, id. at 2. The plaintiff's only other source of income is Appleton housing assistance and food stamps, and she indicates that when

those amounts are combined with the child support she had been receiving, her total income was $1,079 per month. Id. at 2. Without the child support she is no longer receiving, the plaintiff's maximum monthly income is $616 ($1,079 less $463). The plaintiff lists $376 per month in expenses ($86 rent, $70 electric, $20 internet, $100 food, $50 gas/car repairs, $20 laundry). Id. at 2-3. Subtracting her expenses from her income leaves the plaintiff with at most $240 per month. The plaintiff does not own her home, she owns a 1995 Chrysler LHS worth between $135 and $247, she does not own any other property of value and she has $5 in a checking account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits, that she is disabled, and that the conclusions and findings of fact in the decision denying her benefits are not supported by substantial evidence and are

contrary to federal laws and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 1st day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**